# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAFAYETTE-OPELOUSAS DIVISION

| | | |
|---|---|---|
| **DERRELL MOREAUX, JR.** | * | **CIVIL ACTION NO. 07-1650** |
| **VERSUS** | * | **JUDGE MELANÇON** |
| **SHERIFF'S DEPT. CALCASIEU PARISH** <br> **CRAIG GUILLORY** <br> **CITY OF LAKE CHARLES** <br> **POLICE DEPT. CITY OF LAKE CHARLES** <br> **TONY MANCUSO,** *as Sheriff of Calcasieu Parish* | * | **MAGISTRATE JUDGE METHVIN** |

## ORDER REQUIRING RULE 7(a) REPLY

In this §1983 civil rights suit, it is unclear whether the plaintiff has sued defendants Craig Guillory and Tony Mancuso in their individual capacities. Nevertheless, in their answer, these defendants plead qualified immunity.

**IT IS HEREBY ORDERED** that within twenty (20) days of the date of this order, the plaintiff shall file a response to this motion which indicates whether defendants Craig Guillory and Tony Mancuso are sued in their individual capacities.

**IT IS FURTHER ORDERED** that, if the aforementioned defendants are sued in their individual capacities, in the same reply, the plaintiff shall allege with specificity the constitutional rights that were violated, the facts that support these allegations, the persons involved in these alleged violations, and the reasons that the asserted defense of qualified immunity is inapplicable.

The goal of this order is to facilitate evaluation of the asserted qualified immunity defense in accordance with the instructions set forth in Schultea v. Wood, 47 F.3d 1427, 1432-34 (5th Cir. 1995). *Pro Se* plaintiff Moreau shall read Schultea in its entirety. However, particular attention shall be focused upon the following excerpt:

> Our answer to Leatherman is that the district court has an array of procedures that will carry the load as far as pleadings can. First, the district court must insist that a plaintiff suing a public official under Section 1983 file a short and plain statement of his complaint, a statement that rests on more than conclusions alone. Second, the court may, in its discretion, insist that a plaintiff file a reply tailored to an answer pleading the defense of qualified immunity. Vindicating the immunity doctrine will ordinarily require such a reply, and a district court's discretion not to do so is narrow indeed when greater detail might assist. The district court may ban discovery at this threshold pleading state and may limit any necessary discovery to the defense of qualified immunity. The district court need not allow any discovery unless it finds that plaintiff has supported his claim with sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendant's conduct at the time of the alleged acts. Even if such limited discovery is allowed, at its end, the court can again determine whether the case can proceed and consider any motions for summary judgment under Rule 56.

Id., 47 F.3d at 1434 (emphasis added).

Signed at Lafayette, Louisiana, on August 18, 2008.

_____
Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)